## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **PAMELA MERCER,** | ) | |
| | ) | **No. 09 CV 5565** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Magistrate Judge Young B. Kim** |
| | ) | |
| **COOK COUNTY, ILLINOIS,** | ) | |
| **et al.,** | ) | |
| | ) | **July 17, 2012** |
| **Defendants.** | ) | |

### MEMORANDUM OPINION and ORDER

Before the court is the motion of Plaintiff Pamela Mercer for reconsideration of the court's order dated March 28, 2012, granting Defendants' motion for summary judgment. For the following reasons, the motion is denied:

### Background

Mercer brought this action against Defendants Cook County, Cook County Sheriff's Department ("CCSD"), David Pitts, and Gus Paleologos (collectively, "Defendants"). Pitts and Paleologos, both of whom are supervisors employed by the CCSD, were sued in their individual capacities. Mercer asserted claims of employment discrimination and constitutional violations arising out of her workplace difficulties and problems. On March 28, 2012, the court[1] granted Defendants' motion for summary judgment on all of Mercer's

---

[1] Magistrate Judge Martin C. Ashman ruled on Defendants' motion for summary judgment on March 28, 2012, as he was the presiding judge in this case at that time. (R. 79-80.) Since Judge Ashman's passing, by order of the Executive Committee, the undersigned became the presiding judge over this case. (R. 92.)

claims in this case. (R. 79, 80.) Plaintiff then moved on April 25, 2012, to have the court

reconsider its summary judgment decision. Two days later, the court permitted Defendants

to file a response opposing the motion by May 22, 2012, and Mercer to file a reply thereto

in support of her motion for reconsideration. Defendants filed their response on May 16,

2012, but Mercer did not file a reply brief.

## Analysis

Mercer asserts in her motion for reconsideration that she provided sufficient evidence

to demonstrate that a genuine issue of material fact exists in this case. (R. 82, Mot. at 1.)

She does nothing more than rehash her previous arguments the court found deficient and

raise new items that could have been raised before in opposing the motion for summary

judgment. A motion for reconsideration is narrowly designed "'to correct manifest errors of

law or fact or to present newly discovered evidence.'" *Hicks v. Midwest Transit, Inc.*, 531

F.3d 467, 474 (7th Cir. 2008) (*quoting Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d

246, 251 (7th Cir. 1987). It "does not provide a vehicle for a party to undo its own

procedural failures, and it certainly does not allow a party to introduce new evidence or

advance arguments that could and should have been presented to the district court prior to

the judgment." *Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th

Cir. 2000).

The court found that Mercer had failed to identify any direct evidence of sex and race

discrimination and, as such, she had to rely on the burden-shifting standard of *McDonnell*

2

*Douglas Corp. v. Green*, 411 U.S. 792 (1973), to oppose the motion for summary judgment. (R. 80 at 7-8.) The *McDonnell Douglas* standard first requires a plaintiff to demonstrate a prima facie case of discrimination, in part, by showing that she suffered an adverse employment action and that a similarly-situated employee outside her protected class received more favorable treatment. *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012). In its decision, the court concluded that Mercer had failed to produce adequate evidence demonstrating that her temporary transfer to another division within the CCSD satisfied these two elements. (R. 8-10.) The court also determined that, even assuming a prima facie case of discrimination existed, Mercer had failed to demonstrate that the proffered reason for her temporary transfer was pretextual. (R. 12-13.)

In her motion for reconsideration, Mercer does not argue that the court misapplied controlling precedent or failed to consider the full import of her arguments. Instead, Mercer rehashes the arguments that she previously submitted in opposing the motion for summary judgment and that the proffered reason for her temporary transfer was pretextual. This is not a proper basis for seeking reconsideration. *See Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (denying a motion for reconsideration that "merely took umbrage with the court's ruling and rehashed old arguments"). She makes conclusory assertions in her motion for reconsideration, as she did in opposing the motion for summary judgment, that she suffered an adverse employment action and that the "trier of fact could find that the explanation offered [for the transfer] was a 'phony excuse,' justifying a finding" in her favor

3

on the discrimination claims. (R. 82 at 2.) This is not enough to alter the court's summary judgment decision. Moreover, Mercer did not assert that the court erred in finding that she had failed to demonstrate that she was treated differently from others not in her protected class. Challenging the court's decision on the issue of pretext is of no value without challenging its decision that Mercer failed to make out a prima facie case of discrimination.

Mercer further claims that the court erred by granting summary judgment against her on her hostile work environment claim by overlooking the fact that Lieutenant Pitts, her supervisor, once said to her, "go play with yourself." (R. 82 at 2.) According to Mercer, Pitts's remark was sexually offensive because this was a reference to "masturbation," and it was pervasive because "she recorded [this event] in a logbook which she maintained." (Id. at 3.) She also claimed that this comment "made a substantial impression on her[.]" (Id.)

Mercer overlooks the fact that she did not specifically raise this as an argument in her response to Defendants' motion for summary judgment. The time for doing so was when the court considered the merits of the parties' arguments, not in a later motion for reconsideration. *Bordelon*, 233 F.3d at 529. But, even if she had presented this argument earlier, it is not sufficient to alter the summary judgment ruling. The record shows that Mercer agreed with Defendants' Local Rule 56.1(a) statement that Pitts made such a remark on "one occasion" and that he made this remark during "a silly conversation" about a "Thanksgiving dinner." (R. 68, Pl.'s Resp. to L.R. Stmt. ¶ 45.) As the court pointed out in its memorandum opinion, teasing and offhand comments that are not specifically based on

4

gender hostility are insufficient to show the existence of an unlawful hostile work environment. (R. 16-17); *see Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998).

To be actionable, harassment "must be sufficiently severe or pervasive." *Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 67 (1986). No evidence concerning the alleged logbook entries was submitted as part of the summary judgment record, and Mercer did not rely on such evidence to substantiate her hostile work environment claim. Mercer was required to identify evidence showing that Pitts's comment, singly or in combination with the other incidents described in the record, unreasonably interfered with her work performance or created an objectively intimidating, hostile, or offensive working environment. *McKenzie v. Illinois Dep't of Transp.*, 92 F.3d 473, 479 (7th Cir. 1996). She was also required to show, not just that the remark was sexually offensive, but that Pitts uttered the offensive remark because of her sex. Mercer does not argue how Pitts's remark, however inappropriate and crude it may have been, was based on her sex. As Mercer failed to identify any manifest errors, the court will not disturb its decision on her Title VII claims.

Also, Mercer claims that the court erred in granting summary judgment against her on the Equal Protection Clause claim. Mercer faults the court for placing too much emphasis on the remedial actions taken by Pitts and Paleologos to address her workplace issues, but not enough attention on "other actions imputed by [Mercer] to Pitts and Paleologos, among others." (R. 82 at 3.) But, Mercer does not explain what she means by this or explain the nature of the "other actions" and how the court's lack of attention to these "other actions"

amounts to manifest errors warranting reconsideration of the court's March 28, 2012 decision.

## Conclusion

For the foregoing reasons, Mercer's motion for reconsideration is denied.

**ENTER:**

_____

**Young B. Kim**
**United States Magistrate Judge**